IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS A. SIMONIAN,<br><br>        Plaintiff,<br>v.<br><br>MONSTER CABLE PRODUCTS, INC.,<br><br>        Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR FALSE PATENT MARKING

Plaintiff THOMAS A. SIMONIAN ("Plaintiff"), by its attorneys, hereby complains against Defendant MONSTER CABLE PRODUCTS, INC. ("Defendant") as follows:

## I.
## NATURE OF THE CASE

1. This is a *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. §292.

2. As set forth below, Defendant has violated 35 U.S.C. §292(a), by marking certain of its MONSTER branded products with United States Patent Number 4,743,712 ("the '712 Patent"), even though the '712 Patent has been expired since March 30, 2007, United States Patent Number 4,777,324 ("the '324 Patent"), even though the '324 Patent has been expired since March 30, 2007; United States Patent Number D323,643 ("the '643 Patent"), even though the '643 Patent has been expired since February 14, 2006; and United States Patent Number D323,023 ("the '023 Patent"), even though the '023 Patent has been expired since March 31, 2006 (hereinafter collectively "the Expired Patents"). On information and belief, Defendant marks certain of its MONSTER branded audio products with the Expired Patents with the intent to deceive the public and to gain a competitive advantage in the market.

3. Plaintiff seeks an award of monetary damages against Defendant pursuant to 35 U.S.C. §292(b) of up to $500 for each offense, with one-half going to the use of the United States and the other half going to the person bringing the action.

## II.
## THE PARTIES

4. Plaintiff is a person residing in Geneva, Illinois.

5. Defendant MONSTER CABLE PRODUCTS, INC. is a corporation established under the laws of the State of California with its principal place of business at 455 Valley Drive, Brisbane, California.

6. Upon information and belief, Defendant is the maker of various audio and video products, including Ultra 600 Stereo Audio Cables, Ultra 600 Subwoofer Cables, Digital Coax Audio 400 Cables, Ultra 800 Component Video Cables, M850DCX High Resolution Digital Coaxial Cables, and M650I High Performance Stereo Audio Cables.

7. Ultra 600 Stereo Audio Cables are currently sold in packaging marked as shown below:




8. Ultra 600 Subwoofer Cables are currently sold in packaging marked as shown below:



9. Digital Coax Audio 400 Cables are currently sold in packaging marked as shown below:



10. Ultra 800 Component Video Cables are currently sold in packaging marked as shown below:

3




11. M850DCX High Resolution Digital Coaxial Cables are currently sold in packaging marked as shown below:



4



12. M650I High Performance Stereo Audio Cables are currently sold in packaging marked as shown below:



The product is protected under the following patents: U.S. 4,932,897, D323,643, D325,023, Germany M9004300.7, Germany M9804242.5, 900,174, 4,743,712, 4,777,324, 4,910,360, Canada 1,303,157, Canada 1,303,158, Taiwan NI-29689, Taiwan NI-38663, D415,101. The package and the connector shell are patent pending.

13. Upon information and belief, Defendant is a sophisticated company and has experience applying for and obtaining patents.

14. As a sophisticated company, Defendant (by itself or by its representatives) knows, or reasonably should know, of the requirements of 35 U.S.C. §292. In particular, Defendant

5

knows, or reasonably should know, that products may not be marked with expired patents or with patents that are not applicable to the product on which they are marked.

## III.
## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16. Venue properly lies in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c), and 1395(a), because Defendant's falsely marked products were and are offered for sale and sold in this District.

17. This Court has personal jurisdiction over Defendant because it has sold and continues to sell its falsely marked products, in Illinois and in this District and/or in the stream of commerce with knowledge that they would be sold in Illinois and in this District. Upon information and belief, such sales by Defendant are substantial, continuous, and systematic.

## IV.
## COUNT I - FALSE MARKING WITH EXPIRED PATENT(S)

18. Plaintiff incorporates paragraphs 1-17 as if fully set forth herein.

19. When a patent expires, all prospective rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not currently protected by such expired patent.

20. Defendant by itself or by its representatives cannot genuinely believe that a patent does not expire and that prospective patent rights apply even after its expiration.

21. The '712 Patent, entitled "Signal Cable Assembly with Fibrous Insulation and an Internal Core," was filed on March 30, 1987, issued on May 10, 1988 and expired on March 30, 2007. A true and correct copy of the '712 Patent is attached hereto as Exhibit A.

22. The '324 Patent, entitled "Signal Cable Assembly with Fibrous Insulation and an Internal Core," was filed on March 30, 1987, issued on October 11, 1988, and expired on March 30, 2007. A true and correct copy of the '324 Patent is attached hereto as Exhibit B.

23. The '643 Patent, entitled "Connector," was filed on November 14, 1989, issued on February 4, 1992, and expired on February 14, 2006. A true and correct copy of the '643 Patent is attached hereto as Exhibit C.

24. The '897 Patent, entitled "Connector for an Electrical Signal Transmitting Cable," was filed on January 5, 1989, issued on June 12, 1990, and expired on June 5, 2009. A true and correct copy of the '643 Patent is attached hereto as Exhibit D.

25. Upon information and belief, Defendant has in the past marked, or caused to be marked, and presently marks, or causes to be marked, for example, but not limited to, at least the following products and/or packaging thereof, with one or more of the Expired Patents, with knowledge that the Expired Patents were in fact expired: Ultra 600 Stereo Audio Cables, Ultra 600 Subwoofer Cables, Digital Coax Audio 400 Cables, Ultra 800 Component Video Cables, M850DCX High Resolution Digital Coaxial Cables, M650I High Performance Stereo Audio Cables (hereinafter collectively "the False Marked Products").

26. The false patent markings for the False Marked Products are found on the packaging of the False Marked Products, as seen in Section II of this complaint.

27. Upon information and belief, Defendant knows, or should know (by itself or by its representatives), that the False Marked Products are not covered by the Expired Patents marked on such product because an expired patent has no prospective rights.

28. Upon information and belief, Defendant intentionally included the Expired Patents on the patent markings of the False Marked Products, in an attempt to prevent competitors from using the same or similar design.

7

29. Upon information and belief, Defendant marked the False Marked Products with the Expired Patents for the purpose of deceiving the public into believing that something contained in or embodied in the product is covered by or protected by the Expired Patents.

30. Each false marking on the false marked product is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

31. Defendant has wrongfully and illegally advertised patent rights which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

32. Upon information and belief, Defendant knows, or reasonably should know, that marking the False Marked Products with false patent statements was and is illegal under Title 35 United States Code. At a minimum, Defendant had and has no reasonable basis to believe that its use of the false markings was or is proper or otherwise permitted under federal law.

33. Upon information and belief, Defendant's marking of the False Marked Products with the Expired Patents, as described above and/or as will be further later evidenced, has wrongfully quelled competition with respect to such products to an immeasurable extent thereby causing harm to the United States in an amount which cannot be readily determined.

34. Upon information and belief, for at least the reasons set forth herein, Defendant has wrongfully and illegally advertised patent rights which it does not possess, and, as a result, has likely benefitted in at least maintaining its considerable market share with respect to the herein described False Marked Products in the market place.

35. The instances of false marking alleged in Count I of this Complaint are representative and not meant to be exhaustive.

36. For at least the reasons provided herein, and/or for reasons which will be later evidenced, each expired patent which is marked on a product contributes to causing harm to the Plaintiff, the United States and the general public.

37. Thus, each expired patent marked on a product, directly or on the packaging thereof, multiplied by the number of products and/or packaging materials on which it appears is a separate "offense" pursuant to 35 U.S.C. §292(a).

## V.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

(a) A decree that Defendant has falsely marked products in violation of 35 U.S.C. §292;

(b) An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking "offense," or an alternative amount as determined by the Court, one half of which should be paid to the United States of America;

(c) An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products;

(d) All costs and fees incurred as a result of the prosecution of this action; and

(e) Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

## VI.
## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby demands a jury trial on all issues triable by jury.

Dated: February 24, 2010

Respectfully submitted,

_____
Joseph M. Vanek

*Attorneys for Plaintiff*

Joseph M. Vanek
IL State Bar No. 6197046
Thomas A. Vickers
IL State Bar No. 6226288
David P. Germaine
IL State Bar No. 6274984
Jeffrey R. Moran
IL State Bar No. 6283573
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: jvanek@vaneklaw.com
E-mail: tvickers@vaneklaw.com
E-mail: dgermaine@vaneklaw.com
E-mail: jmoran@vaneklaw.com

Bruce S. Sperling
IL State Bar No. 2687925
Robert D. Cheifetz
IL State Bar No. 6210105
SPERLING & SLATER, P.C.
55 West Monroe Street
Suite 3200
Chicago, Illinois 60603
(312) 641-3200 Telephone
(312) 641-6492 Facsimile
E-mail: bss@sperling-law.com
E-mail: robc@sperling-law.com

Eugene M. Cummings
IL State Bar No. 556394
David M. Mundt
IL State Bar No. 6243545
David Lesht
IL State Bar No. 6180985
Martin Goering
IL State Bar No. 6286254
Konrad V. Sherinian
IL State Bar No. 6290749
Panasarn Aim Jirut
IL State Bar No. 6281877
Jessica Rissman
IL State Bar No. 6300680
EUGENE M. CUMMINGS, P.C.
One North Wacker Drive, Suite 4130
Chicago, Illinois 60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dmundt@emcpc.com
E-mail: dlesht@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: ksherinian@emcpc.com
E-mail: ajirut@emcpc.com
E-mail: jrissman@emcpc.com
E-mail: mcadrot@emcpc.com
E-mail: erynne@emcpc.com